**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

UNITED STATES OF AMERICA

vs.  Criminal No. 3:05-cr-158 HTW
Civil Action No. 3:07-cv-226 HTW-LRA

LE'JOSEPH MARTIN

**ORDER DENYING MOTION TO VACATE SENTENCE
UNDER TITLE 28 U.S.C. § 2255**

Before the court is the defendant's motion to vacate judgment and to grant habeas corpus relief by modifying his sentence filed pursuant to Title 28 U.S.C. § 2255.[1] The defendant entered a plea of guilty on December 13, 2005, to one count of possession with intent to distribute 5 grams or more of cocaine base or "crack" in violation of Title 21 U.S.C. § 841(a)(1)[2] and Title 18 U.S.C. § 2.[3] The defendant's guilty plea was entered pursuant to a Memorandum of Understanding which provided at paragraph 16 that the defendant had waived the right to contest the conviction and expressly had waived the right to contest the sentence or the manner in which the

---

[1] Title 28 U.S.C. § 2255 provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

[2] Title 21 U.S.C. § 841(a)(1) provides in pertinent part that "[I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ... ."

[3] Title 18 U.S.C. § 2(a) provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

conviction was imposed in any post-conviction proceeding, including but not limited to a motion brought under § 2255. On April 27, 2006, the defendant was sentenced to serve 85 months in the custody of the Bureau of Prisons, to pay a fine of $1000.00, and also to serve a four-year term of supervised release upon completion of his incarceration.

Notwithstanding his waiver of any and all post-conviction attack and appeal provisions pursuant to his plea agreement, the defendant filed the instant § 2255 motion on April 25, 2007. This filing was timely, having been filed within one year of his conviction becoming final.

Then, on March 28, 2008, based upon the United States Sentencing Commission's reduction of the guideline offense level pertaining to the defendant's crime, the defendant appealed and asked that his offense level be reduced from 27 to 25, resulting in a sentencing range of 60 to 71 months. This court took notice of the fact that the motion contained a discrepancy with the defendant's actual sentencing, assuming that the defendant had been sentenced under the Sentencing Guidelines. In fact, the defendant was sentenced under the applicable statute.

Title 21 U.S.C. § 841(b)(1)(B)(iii) is the penalty provision for manufacturing, distributing, dispensing or possessing 5 grams or more of cocaine base. The defendant stipulated that 12.7 grams of cocaine base was the amount and description of the drugs applicable to his indictment. This meets the requirement of 5 grams or more for the purpose of sentencing a defendant under the applicable statute. The statute provides that a defendant may be sentenced to a term of imprisonment which may not be less than five years (60 months) and not more than forty years (480 months), and a fine of

not more than $2,000,000.00. The defendant was sentenced to serve a period of imprisonment of seven years and one month (85 months), a sentence above the statutory minimum of five years and well below the statutory maximum of forty years.

The defendant's March 28, 2008, motion called for a reduction of the Guideline range to 60 to 71 months. The statutory minimum sentence under the applicable statute, Title 21 U.S.C. § 841(b)(1)(B)(iii), is sixty months. Accordingly, on April 16, 2008, this court reduced the defendant's sentence from eighty-five (85) to sixty (60) months.

## The Motion to Vacate Sentence

The defendant filed his motion to vacate on April 25, 2007, just over one year before his motion to reduce his sentence. The motion raised two issues in support of his original motion to vacate: first, that his counsel had been ineffective and had failed to object to the government's alleged breach of the Memorandum of Understanding and also had failed to appeal the defendant's sentence. The defendant says that he stipulated to an amount of cocaine base not exceeding 12.7 grams. As previously noted, the defendant's sentence was based upon his possession with intent to distribute 5 grams or more of cocaine base under the applicable statute. Nothing arose from this which would form the predicate for counsel to object. Moreover, this sentence did not violate the Memorandum of Understanding.

Secondly, the defendant asked this court to review his sentence in light of the recent case of *Cunningham v. California*, 548 U.S. —, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), a case holding that California's sentencing law, which authorized a judge, as well as the jury, to find facts exposing a defendant to an elevated upper term sentence

violation defendant's right to trial by jury. This opinion simply follows previously established law.[4] This court finds no reason to review the defendant's sentence based on this case, especially when the defendant's sentence is based on statute and not a sentencing scheme.

The defendant also complains that, notwithstanding his stipulation to 12.7 grams of cocaine base, he was sentenced based on a *greater amount* than the amount to which he stipulated. This is not so. His sentence is based on 5 grams of cocaine base, or more, and the stipulation of 12.7 grams of cocaine base is not below the sentencing amount.

Furthermore, had this court undertaken to follow the Sentencing Guidelines, this court would have undertaken the following analysis. The Presentencing Investigation Report states that defendant, his girlfriend, a juvenile male, and the defendant's brother were arrested in a raid on the premises of 1377 and 1379 Perkins Street in Jackson, Mississippi. The defendant threw a package containing 12.7 grams of cocaine base out of a window when officers entered his residence. The defendant's brother had 0.84 grams of crack cocaine on his person when he was arrested. The defendant's brother

---

[4] The Sixth Amendment to the Constitution of the United States provides for a jury-trial guarantee, stating that "*[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.* The United States Supreme Court has pronounced that this guarantee proscribes a sentencing scheme which allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 u.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

cooperated with the officers, leading them to a bedroom where 30.4 additional grams of cocaine base were recovered, along with 18.0 grams of cocaine hydrochloride. The defendant's girlfriend stated that the defendant was selling "crack" at the two houses raided by the officers, and that she had often asked the defendant why he did not get a job.

A total of 43.94 grams of cocaine base or crack cocaine was attributed to the defendant and his drug related activities at 1377 and 1379 Perkins Street. Under the Sentencing Guidelines, the amount of cocaine base is converted to kilograms of marijuana for the purposes of sentencing a defendant. The calculation is derived from Section 2D1.1 of the United States Sentencing Guidelines Manual which equates 43.94 grams of cocaine base to 882.4 kilograms of marijuana. Under Section 2D1.1, one whose criminal conduct involved at least 35 grams, but less than 50 grams of cocaine base, is assigned a base offense level of 30.

In the instant case, the defendant was found to be in possession of a dangerous weapon when he was arrested. Possession of the weapon would result in a two-level increase of the base offense level (32). Because the defendant used a person less than eighteen years of age to commit his offense, another 2 level increase could have been imposed, resulting in a base offense level of 34. Given credit for acceptance of responsibility by entering a plea of guilty, the base offense level, then, would have been reduced by three to 31. The Sentencing Guideline range for an offense level of 31 is 108 to 135 months.

Notwithstanding all this, for reasons presented to the court by the United States Probation Office, this court was persuaded to sentence the defendant under the statute,

rather than the Guidelines, to 85 months, a sentence well below the minimum Guideline range, had the Guidelines been applied, yet still within the statutory range of at least five, but not more than forty years.

Under the Guidelines, had they been applied, the sentence this court imposed would have corresponded to a base offense level of 26. The Guidelines at this base offense level recommend a range of 70 to 87 months, the range for one found to be in possession of at least 5 grams, but less than 20 grams, of cocaine base. Since the defendant stipulated to 12.7 grams, he properly would have been sentenced within this Sentencing Guideline range.

### Ineffective Assistance of Counsel - Waiver

The defendant also raised an ineffective assistance of counsel argument. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel, that a convicted defendant seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, i.e., deficient performance or actual prejudice, the court may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

Under the deficient performance prong of the *Strickland* test, "it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of

the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1983) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). "An attorney's performance, which enjoys a strong presumption of adequacy, is only deficient if it is objectively unreasonable." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.), quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996).

The defendant asserts that counsel was deficient because he did not contest the defendant's sentence and raise the matter of the defendant's stipulation to 12.7 grams of cocaine base. As this court already has explained above, there would be no basis for such an objection by counsel. Indeed, such an objection would have been frivolous. Counsel is not ineffective for failing to raise frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness ... .").

Next, the defendant says counsel was ineffective because he did not perfect an appeal of the government's alleged breach of his plea agreement. As this court already has noted, no such breach exists. Moreover, counsel cannot be considered deficient for failing to perfect an appeal, the right to which was knowingly and voluntarily waived in the process of plea bargaining. *United States v. Martinez*, 59 F3d 1240 (5th Cir. 1995), citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Clearly, in the instant case, the defendant knowingly and voluntarily waived his right to appeal. "Solemn declarations in open court carry a presumption of verity, forming a formidable barrier in any subsequent collateral proceeding." *United States v.*

7

*Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The defendant's plea agreement clearly states that the defendant, in exchange for the substantial concessions made by the government, waived his appeal right and the right to challenge his conviction in post conviction proceedings. This court discussed the waivers contained in the plea agreement with the defendant. The government was asked to recite the terms of the plea agreement and stated that the defendant had waived certain statutory and constitutional rights, including the right to appeal the conviction and the right to bring a motion pursuant to § 2255. This court then asked the defendant if he had seen the Memorandum of Understanding before, if he had read it, and whether he understood it. The defendant affirmatively replied and stated that he had no questions. This court further discussed with the defendant his waiver of his right to appeal the sentence imposed, explaining that the defendant would have no right to an appeal, even if he was disturbed with his sentence. The defendant responded that he understood the agreement and had discussed it with his counsel.

"To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'" *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994), *cert. denied*, 513 U.S. 893, 115 S.Ct. 244, 130 L.Ed.2d 166 (1994). This court finds that the defendant's waiver of appeal was both knowing and voluntary. Consequently, this court finds no reason to conclude that counsel's performance was deficient based upon the assertion that he should have perfected an appeal which had been waived.

Finally, this court finds that the defendant waived his right to challenge his conviction with a motion to vacate, set aside, or correct sentence under § 2255 and that this waiver is enforceable because it was both knowingly and voluntarily made. *United States v. Wilkes*, 20 F.3d at 653.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." Title 28 U.S.C. § 2253(c)(1)(A). Although the defendant has not yet filed a notice of appeal, this court nonetheless addresses whether he would be entitled to do so. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). The certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Title 28 U.S.C. § 2253(c)(2). The determination under § 2253(c) requires this court to review the defendant's constitutional claims and to assess whether such claims have any merit. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Inasmuch as the defendant has presented no constitutional claims, he has shown nothing to warrant the issuance of a certificate of appealability. Thus, the defendant is not entitled to the issuance of the

9

certificate.

**SO ORDERED, this the 15th day of April, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Criminal No. 3:05-cr-158 HTW
Civil Action No. 3:07-cv-226 HTW-LRA
Order Denying § 2255 Motion